AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
07/16/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: AP DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
7/16/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: D.C. DEPUTY

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| MARTIN NAVARRO | ) | Case No. 5:25-mj-00485 |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 7, 2025__ in the county of __San Bernardino__ in the __Central__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 111(a)(1) | Assaulting, Resisting, or Impeding Certain Officers or Employees |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

/s/ Pursuant to Fed. R. Crim. P. 4.1
*Complainant's signature*

Special Agent Danny Yao
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/16/2025

*Judge's signature*

City and state: Riverside, California    Hon. Shashi H. Kewalramani, U.S. Magistrate Judge
*Printed name and title*

*AUSA:* Matthew J. Tako (x0705)

**AFFIDAVIT**

I, Danny Yao, being duly sworn, declare and state as follows:

## I. INTRODUCTION

1. I am a Special Agent ("SA") with the Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and have been so employed since 2018. I am currently assigned to the ICE Office of Professional Responsibility ("OPR") Resident Agent in Charge ("RAC") Los Angeles office, and have been assigned to ICE OPR since 2024. I am a graduate of the ICE HSI Special Agent Training Program as well as the OPR Special Agent Training Program in Glynco, Georgia, and am currently assigned to ICE OPR where I investigate employee misconduct and assaults against ICE employees. During my law enforcement career, I have attended trainings and conducted investigations relating to employee misconduct, assaults against federal officers, and other areas of law enforcement.

## II. PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of a criminal complaint against, and arrest warrant for, MARTIN NAVARRO for a violation of 18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers or Employees).

3. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all of my knowledge of or

investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, and all dates and times are on or about those indicated.

### III. STATEMENT OF PROBABLE CAUSE

4. Based on my review of law enforcement reports, documentation, surveillance footage from Adelanto ICE Processing Center ("AIPC"), and conversations with other law enforcement officers, I am aware of the following:

5. AIPC is an ICE detention center located in Adelanto, California, in San Bernardino County, within the Central District of California. AIPC houses persons who are alleged to have violated federal immigration law and is operated under the jurisdiction of the federal government, specifically, by ICE.

6. Some employees at the AIPC, including GEO Group security officers, are paid by the United States through a government contract. GEO Group security officers have been contracted by DHS to assist DHS employees in providing security services at AIPC. At all relevant times on March 7, 2025, Sergeant T.G., a GEO Group employee in AIPC Segment 2C, was on duty at AIPC.

7. On March 7, 2025, NAVARRO approached Sergeant T.G. to request a move. Sergeant T.G. explained the protocol of moving detainees to different cells, including that NAVARRO needed to complete a form to submit this request.

8. After this discussion, NAVARRO lunged at Sergeant T.G. and struck T.G. with his hands. NAVARRO and T.G. then engaged in a struggle before other officers arrived to assist.

9. NAVARRO was restrained by officers and was escorted out of Segment 2C. NAVARRO was evaluated by medical staff at the facility for minor scratches to the facial area. Sergeant T.G. was evaluated by medical staff at the facility for his right facial area along with minor lacerations to his hands and forearms and was sent to an outside clinic for further evaluation.

## IV. CONCLUSION

10. For all the reasons described above, there is probable cause to believe that NAVARRO violated 18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers or Employees).

/s/ Pursuant to Fed. R. Crim. P. 4.1
Danny Yao, Special Agent
Immigration and Customs
Enforcement, Homeland Security
Investigations

Subscribed to and sworn before me
this 16th day of July, 2025

HONORABLE SHASHI H. KEWALRAMANI
UNITED STATES MAGISTRATE JUDGE